watching is the gun, they cannot recognize the person?

"If so why you just issue a license, as I stated before, to increase crime in this jurisdiction. You just can't do it."

The effect of these remarks was to bolster the weak part of the prosecution's case by an appeal to passion and prejudice. This was plain and prejudicial error and "the trial judge should have stopped counsel's discourse without waiting for an objection." Viereck v. United States, 1943, 318 U.S. 236, 247–248, 63 S.Ct. 561, 566, 87 L.Ed. 734.

Mr. Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in a condemnation proceeding. We find no error affecting substantial rights.

Affirmed.

**GALE REALTY CORPORATION,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13562.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 24, 1957.

Decided Oct. 31, 1957.

Mr. A. Slater Clarke, Washington, D. C., for appellant.

**John H. COLEMAN, Appellant,**

v.

**Wiley W. GODSEY, Acting Chairman, Board of Revocation and Review of Hackers' Identification Licenses, and Robert E. McLaughlin, et al., Board of District of Columbia Commissioners,**
Appellees.

No. 13746.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 26, 1957.

Decided Oct. 31, 1957.

